IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
*SAN ANTONIO DIVISION*

| | | |
|---|---|---|
| NGM INSURANCE COMPANY, | § | |
| *Plaintiff,* | § § § | |
| V. | § | CASE NO. 19-221 |
| BENCHMARK UTILITY CONTRACTORS, INC., BENCHMARK FARMS AND RANCHES, INC., DANIEC LAND & CATTLE, INC., AND PAUL A. DANIEC | § § § § § | |
| *Defendants* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, NGM Insurance Company, complains of Benchmark Utility Contractors, Inc., Benchmark Farms and Ranches, Inc., Daniec Land & Cattle, Inc., and Paul A. Daniec, Defendants, and respectfully states as follows:

### *Parties*

1. NGM INSURANCE COMPANY, ("NGM" or "Plaintiff") is a Florida corporation duly licensed and organized to conduct the business of suretyship in the state of Texas

2. Defendant Benchmark Utility Contractors, Inc. ("Benchmark") is a Texas corporation with its principal place of business in San Antonio, Texas.

3. Benchmark Farms and Ranches, Inc. is a Texas corporation with its principal place of business in San Antonio, Texas.

4. Defendant Daniec Land & Cattle, Inc. is a Texas corporation with its principal place of business in San Antonio, Texas.

5. Defendant Paul A. Daniec is a citizen of the state of Texas with a principal residence in San Antonio, Texas.

6. The Defendants are collectively referred to herein as "Defendants" or "Indemnitors."

### *Jurisdiction*

7. This court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Venue*

8. Venue of this action is proper in the San Antonio Division of this judicial district under 28 U.S.C. §1391 as substantially all pertinent events and omissions giving rise to the claims herein occurred in the San Antonio Division of this judicial district and the Defendants, or the majority of them, reside in or transact business in this district.

9. All conditions precedent to bringing this action have occurred or have been waived.

### *Indemnification*

10. On or about September 6, 2016, each Defendant entered into an Agreement of Indemnity with NGM. A copy of the Agreement of Indemnity ("Indemnity Agreement") is attached hereto as Exhibit "A."[1]

11. Each of the Defendants executed the Indemnity Agreement in partial consideration of NGM, as Surety, agreeing upon approval, to furnish surety bonds on behalf of Benchmark as Bond Principal.

12. NGM, as surety, issued Performance and Payment Bonds ("Bonds") for Benchmark as Principal on the Bonds for two construction projects located in Atascosa County, Texas ("Projects").

---

[1] Properly redacted for privacy preservation.

13. The Indemnity Agreement in Paragraph 3 provides, in pertinent part:

> The INDEMNITORS shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, investigative costs, and from and against any and all other such losses and expenses which the SURETY may sustain or incur: (i) By reason of having executed or procured the execution of BONDS. . . .

14. Subsequent to the issuance of the Bonds, NGM received payment bond claims on both Projects by an unpaid supplier of Benchmark, known as ACT Pipe & Supply, Inc. NGM incurred a financial loss in connection with a payment made to Benchmark's supplier, ACT Pipe & Supply, Inc. as a payment bond claimant.

15. NGM received a performance bond demand on one performance bond issued for Benchmark to The City of Pleasanton, Texas after Benchmark's construction contract was terminated by The City of Pleasanton, Texas. NGM sustained a financial loss and incurred expenses as a result of honoring its obligations as surety for Benchmark in connection with this performance bond claim.

16. In the course of its settlement of the bond claims and settlements, NGM incurred a financial loss of $164,772.61 for investigating, adjusting, and resolving the bond claims, which sum is owed to NGM by the Defendants pursuant to the terms of the Indemnity Agreement and for which it here sues.

17. NGM also incurred attorney's fees stemming from the investigation, adjustment and resolution of the bond claims described above, all of which are reimbursable to NGM by the Defendants pursuant to the terms of the Indemnity Agreement.

18. NGM here sues Defendants, as Indemnitors, for indemnity and reimbursement under the Indemnity Agreement, for all losses and expenses, including

costs, interest, attorneys' fees, adjusting, accounting and investigative costs, and other professional services related to the adjustment and settlement of the claims which NGM sustained because of having furnished the Bonds on behalf of Benchmark.

18. Defendants are also liable to NGM for all loss and expenses incurred under theories of common law indemnity, unjust enrichment and restitution, for which it here sues Defendants.

### *Attorney's Fees*

19. NGM was required to employ attorneys to bring this suit and has agreed to pay attorney fees for legal services incurred in enforcing the provisions of the Indemnity Agreement. NGM is entitled to recover reasonable attorney fees incurred in this case from the Defendants pursuant to Tex. Civ. Prac. & Rem. Code Chap. 38 and pursuant to the terms of the Indemnity Agreement. NGM is also entitled to recover costs and expenses incurred in enforcing the provisions of the Indemnity Agreement.

WHEREFORE, NGM Insurance Company requests that after trial, it recover judgment against the Defendants, jointly and severally, for

1. Damages in the amount of not less than $164,772.61 sustained by NGM because of having furnished the Bonds;

2. Attorney's Fees Expenses sustained by NGM because of having furnished the Bonds;

3. Prejudgment and postjudgment interest as allowed by law and the Indemnity Agreement;

4. Attorneys' fees incurred in filing this lawsuit to enforce the provisions of the Indemnity Agreement;

5. Court costs;

6. Adjusting, accounting, and investigative costs;

7. Engineering and other professional services related to the adjustment of the claims and losses; and

8. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL:<br><br>CUPPLES & ASSOCIATES, PLLC | By:   /s/ James D. Cupples<br>JAMES D. CUPPLES, SBN 05252300<br>Attorney - in - Charge<br>SONIA M. MAYO, SBN 24002552<br>700 Gemini Ave., Suite 200<br>Houston, Texas 77058-2729<br>Telephone: (281) 218-8888<br>Facsimile: (281) 218-8788<br>E-mail: service@cuppleslaw.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**NGM Insurance Company** |

Attachments: Exhibit A - Redacted Agreement of Indemnity dated September 6, 2016.