**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| NGM INSURANCE COMPANY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| V. § | CASE NO. 19-221 |
| § | |
| BENCHMARK UTILITY CONTRACTORS, INC., § | |
| BENCHMARK FARMS AND RANCHES, INC., § | |
| DANIEC LAND & CATTLE, INC., AND § | |
| PAIL A. DANIEC § | |
| § | |
| *Defendants* § | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS' BENCHMARK UTILITY CONTRACTORS, INC., BENCHMARK FARMS AND RANCHES, INC., DANIEC LAND & CATTLE, INC. AND PAUL A. DANIEC**

Defendants, BENCHMARK UTILITY CONTRACTORS, INC., BENCHMARK FARMS AND RANCHES, INC., DANIEC LAND & CATTLE, INC., and PAUL A. DANIEC (collectively, "Benchmark") herein, file this their Answer and Counterclaim to Plaintiff's Original Complaint. The following paragraph numbers correspond to the paragraph numbers in the Complaint.

ANSWER

1. Defendant admits the allegation in this paragraph.

2. Defendant admits the allegation in this paragraph.

3. Defendant admits the allegation in this paragraph.

4. Defendant admits the allegation in this paragraph.

5. Defendant admits the allegation in this paragraph.

6. This allegation does not make any assertion subject to being admitted or denied by Defendants.

1

7. Defendant admits the allegation in this paragraph.

8. Defendant admits the allegation in this paragraph.

9. Defendant denies the allegation in this paragraph.

10. Defendant admits the allegation in this paragraph.

11. Admit as to execution only. The balance of the allegation is denied.

12. After reasonable inquiry, Defendant lacks information sufficient to admit or deny the allegations in this paragraph.

13. After reasonable inquiry, Defendant lacks information sufficient to admit or deny the allegations in this paragraph as the paragraph is incomplete.

14. Defendant denies the allegation in this paragraph.

15. Defendant denies the allegation in this paragraph.

16. Defendant denies the allegation in this paragraph.

17. Defendant denies the allegation in this paragraph.

18. Defendant denies the allegation in this paragraph.

19. Defendant denies the allegation in this paragraph.

Non-numbered "WHEREFORE" Prayer is Denied by Defendants.

## AFFIRMATIVE DEFENSES

1. Plaintiff breached the terms and spirit of the subject Agreement of Indemnity by failing to support the efforts of the Defendant Contractor, Benchmark Utility Contractors, Inc. to return to the jobsite and complete the project in accordance with the cure provisions of the contract between the City of Pleasanton and the Contractor, Benchmark Utility Contractors, Inc..

2. Plaintiff tortiously interfered with the contract between the City of Pleasanton and the Contractor, Benchmark Utility Contractors, Inc. when it advised the City of Pleasanton that the Plaintiff would not uphold its obligations under the Payment and Performance Bonds on the project if the rights of the Contractor, Benchmark Utility Contractors, Inc. to proceed with completing the project were not first terminated by the City of Pleasanton and the payments due for any unpaid, but completed, work and materials provided to the project by the Contractor, Benchmark Utility Contractors, Inc. were not denied. Immediately thereafter, the City of Pleasanton did, in fact, terminate the rights of the Contractor, Benchmark Utility Contractors, Inc. to complete the project without first giving the Contractor, Benchmark Utility Contractors, Inc. the opportunity to cure any alleged delays as required by the contract between the City of Pleasanton and Contractor, Benchmark Utility Contractors, Inc. Moreover, the City of Pleasanton refused to pay the last invoice owed to the Contractor, Benchmark Utility Contractors, Inc. and prevented the Contractor, Benchmark Utility Contractors, Inc. from retrieving any of the materials delivered onto the project site even though the City of Pleasanton had not paid for them.

3. Plaintiff failed to mitigate its alleged damages by asserting in its resolution negotiations with the City of Pleasanton that it did not follow its own contract cure provisions which would have entitled the Contractor, Benchmark Utility Contractors, Inc. to cure any alleged delay and thereby complete the project. Had the Plaintiff asserted that the City of Pleasanton had breached its contract with the Contractor, Benchmark Utility Contractors, Inc. it would have avoided any and all of the losses alleged by the Plaintiff in resolving the bond claims of the City of Pleasanton related to the completion of the project. This failure of the Plaintiff to mitigate its alleged losses is also a breach of the Agreement of Indemnity and at the very least, should be a basis for offset in favor of the Defendants.

4. Defendants reserve the right to assert further affirmative defenses in this lawsuit as the evidence may warrant by motion for leave and amendment hereto.

## PRAYER

Defendants pray that Plaintiff take nothing against in this lawsuit and that they be awarded their costs and other further relief, at law or in equity, to which they show themselves entitled.

## COUNTERCLAIM

Defendants bring this Complaint by way of Counterclaim against the Plaintiff as further set forth below for which they seek their damages, interest and attorney's fees.

## FACTUAL BACKGROUND

1. Defendants set forth the factual background to the Counterclaim allegations against the Plaintiff herein in the letter dated June 2, 2017 to its counsel, Jim Cupples; a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference as the Defendants factual allegations.

## CAUSES OF ACTION

## BREACH OF CONTRACT

2. Plaintiff breached the terms and spirit of subject Agreement of Indemnity by failing to support the efforts of the Defendant Contractor, Benchmark Utility Contractors, Inc. to return to the jobsite and complete the project in accordance with the cure provisions of the contract between the City of Pleasanton and the Contractor, Benchmark Utility Contractors, Inc., but instead setting forth the underlying threat to

withhold their bond coverage unless and until the City of Pleasanton first terminated their contract with the Contractor, Benchmark Utility Contractors, Inc.

### TORTIOUS INTERFERENCE AND/OR CONSPIRACY AND FRAUD

3. Plaintiff tortiously interfered with the contract between the City of Pleasanton and the Contractor, Benchmark Utility Contractors, Inc. and/or conspired with the City of Pleasanton to defraud the Contractor, Benchmark Utility Contractors, Inc. when it advised the City of Pleasanton that the Plaintiff would not uphold its obligations under the Payment and Performance Bonds on the project if the rights of the Contractor, Benchmark Utility Contractors, Inc. to proceed with completing the project were not first terminated by the City of Pleasanton and the payments due for any unpaid, but completed, work and materials provided to the project by the Contractor, Benchmark Utility Contractors, Inc. were not denied. Immediately thereafter, the City of Pleasanton did, in fact, terminate the rights of the Contractor, Benchmark Utility Contractors, Inc. to complete the project without first giving the Contractor, Benchmark Utility Contractors, Inc. the opportunity to cure any alleged delays as required by the contract between the City of Pleasanton and Contractor, Benchmark Utility Contractors, Inc. Moreover, again at the Plaintiff's insistence, the City of Pleasanton refused to pay the last invoice owed to the Contractor, Benchmark Utility Contractors, Inc. and in addition, prevented the Contractor, Benchmark Utility Contractors, Inc. from retrieving any of the materials delivered onto the project site even though the City of Pleasanton had not paid for them.

### FAILURE TO MITIGATE

4. Plaintiff failed to mitigate its alleged damages by asserting in its resolution negotiations with the City of Pleasanton that it did not follow its own contract cure

provisions which would have entitled the Contractor, Benchmark Utility Contractors, Inc. to cure any alleged delay and thereby complete the project. Had the Plaintiff asserted the City of Pleasanton's breach of its contract with the Contractor, Benchmark Utility Contractors, Inc. it would have avoided any and all of the losses alleged by the Plaintiff in resolving the bond claims of the City of Pleasanton related to the completion of the project. This failure of the Plaintiff to mitigate its alleged losses is also a breach of the Agreement of Indemnity and at the very least, should be a basis for offset in favor of the Defendants.

INTENTIONAL TORT CAUSING LOSS PROFITS AND OPPORTUNITIES

5. To add insult to injury, Plaintiff's acts were intentional and tortious to Defendant Contractor, Benchmark Utility Contractors, Inc. in that Plaintiff knew that Contractor, Benchmark Utility Contractors, Inc. had turned down other job opportunities to perform the subject project and further denied Contractor, Benchmark Utility Contractors, Inc. of future bonding support, causing Contractor, Benchmark Utility Contractors, Inc. to lose the opportunity to bid on future bonded work and sustain the black mark of having been terminated on the project, all of which denied the Contractor, Benchmark Utility Contractors, Inc. additional work bids on bonded jobs for the next two years. Plaintiff's knowledge and intent was especially egregious because it knew that the City of Pleasanton would be wrongful in terminating the contract with the Contractor, Benchmark Utility Contractors, Inc. without first giving the Contractor, Benchmark Utility Contractors, Inc. the opportunity to cure the alleged delays.

6. Defendants reserve the right to assert further counterclaims in this lawsuit as the evidence may warrant by motion for leave and amendment hereto.

## DAMAGES

7. As a direct result of the foregoing allegations, the Contractor, Benchmark Utility Contractors, Inc. suffered damages in the sum of $139,074.15 set forth in Invoice #533 representing work performed but unpaid in the amount of $109,244.10 and materials delivered but unpaid in the amount of $29,830.05 which Invoice was submitted to the City of Pleasanton for payment. Moreover, Defendant Contractor, Benchmark Utility Contractors, Inc. would have earned an additional $45,024.31 in profits had it been allowed to complete the project as entitled under the terms of the contract. Alternatively, Defendant Contractor, Benchmark Utility Contractors, Inc. is still indebted to the subcontractor ACT Pipe & Supply in the sum $17,152.24 because it never received the funds necessary as set forth in its Invoice #533 to pay them. As to loss profits in the future, Defendant Contractor, Benchmark Utility Contractors, Inc. was prevented from bidding bonded work suffering up to $1,000,000 in lost bids per year for the last two years for a total of $2,000,000.

## ATTORNEY FEES

8. In light of the foregoing allegations, both in contract and tort, it became necessary for Defendants to hire the legal services of the undersigned counsel to bring this Counterclaim on their behalf. Therefore, Counterclaimants are entitled to recover their reasonable and necessary attorney's fees.

## PRAYER

WHEREFORE, Defendants/Counterclaimants Benchmark pray that this Court grant their damages as set forth above including attorney's fees and such other and further relief that the Court deems proper.

Respectfully submitted,

**//S// Edgar Garcia**_____
EDGAR GARCIA
State Bar No. 07632020
E. GARCIA LAW, PLLC
Brookhollow Atrium Building
1000 Central Parkway North, Suite 100
San Antonio, Texas 78232
(210) 524-9002 x202 office
(210) 524-9072 fax
(210) 862-7480 cell

ATTORNEYS FOR DEFENDANTS BENCHMARK UTILITY CONTRACTORS, INC., BENCHMARK FARMS AND RANCHES, INC., DANIEC LAND & CATTLE, INC., and PAUL A. DANIEC

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the _31__ day of May, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following party.

    James D. Cupples, SBN 05252300
    Attorney -in- Charge
    Sonia M. Mayo, SBN 24002552
    700 Gemini Ave., Suite 200
    Houston, Texas 77058-2729
    Telephone: (281) 218-8888
    Facsimile:  (281) 218-8788

    ATTORNEYS FOR PLAINTFF
    NGM INSURANCE COMPANY

                                                      //S// Edgar Garcia_____
                                                      EDGAR GARCIA